UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG YIL JO, BOP #01183-112,<br><br>                      Plaintiff,<br><br>vs.<br><br>SIX UNKNOWN NAMES AGENTS; BARACK OBAMA,<br><br>                      Defendants. | Civil No. 14-CV-617-H (KSC)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

      On March 17, 2014, Plaintiff, currently detained at the Etowah County Detention Center in Gadsden, Alabama, and proceeding pro se, filed an incomprehensible one-page complaint entitled "Civil Rights Action with the Writ of Summons and Complaint" "under 42 U.S.C. § 1983." (Doc. No. 1).[1]

///

///

///

---

[1] The Court notes that Plaintiff filed a nearly identical complaint in Case No. 13-CV-3057.

-1-

## I.  Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a).[2] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, nor has he submitted a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, the case cannot yet proceed. See 28 U.S.C. § 1914(a); Andrews, 493 F.3d at 1051.

## II.  Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)  Dismisses this action sua sponte without prejudice for failing to pay the $400 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and

(2)  Grants Plaintiff forty five (45) days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. See 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).[3]

---

[2]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. Id.

[3]  Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full $400 in civil and administrative fees required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint, which is currently comprised of a single page of unpunctuated and nonsensical legal jargon seeking more than a hundred million dollars in damages against "agents," including the Chief Justice of the Supreme Court and the President of the United States, will be screened and immediately dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th

IT IS FURTHER ORDERED that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis."  If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

DATED: May 12, 2014

_____
Marilyn L. Huff, District Judge
UNITED STATES DISTRICT COURT

---

Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); see also Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b) of all prisoner complaints).